United States District Court
Southern District of Texas
**ENTERED**
September 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EAGLE CAPITAL CORPORATION, *Plaintiff,* | § § § § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-01190 |
| R E MILLER INDUSTRIAL, LLC, *Defendant.* | § § § | |

# ORDER

On this day the Court considered Plaintiff's Motion for Summary Judgment (Doc. No. 20). After considering the Motion, the governing law, the pleadings, and the summary judgment evidence, the Court is of the opinion that the Motion should be **GRANTED** in all respects.

## I.

Eagle Capital Corporation ("Eagle") is a factoring company that assists the development and growth of company clients by creating a program involving the assignment of accounts receivable to accommodate its clients' immediate and future cash needs. Xxcell Freight Systems, Inc. ("Xxcel"), a non-party, is a client of Eagle. Beginning on or before May 18, 2018, R E Miller Industrial, LLC ("Miller") and Xxcell entered into a series of agreements whereby Xxcell agreed to provide industrial hauling services (the "Services") to Miller in exchange for payment of fees to Xxcell. On or before August 28, 2017, Xxcell assigned to Eagle all of Xxcell's present and future accounts receivable, including accounts relating to Miller.

On or about August 29, 2017, Eagle sent Miller a Notice of Assignment of Accounts of Xxcell Freight Systems, Inc. ("Notice of Assignment") as well as an authenticated Assignment of Accounts Receivable dated August 28, 2017. The agreements between Miller and Xxcell for these services vested in Xxcell accounts receivable rights which Xxcell assigned to Eagle under the

August 28, 2017 Assignment of Accounts Receivable. Xxcell provided the Services to Miller, which Miller accepted.

On May 18, 2018, Eagle invoiced Miller for the Services provided by Xxcell in the amount of $54,940.00, due 30 days from the invoice date. On May 30, 2018, Eagle invoiced Miller for the Services provided by Xxcell in the amount of $37,520.00, due 30 days from the invoice date. On June 22, 2018, Eagle invoiced Miller for the Services provided by Xxcell in the amount of $15,050.00, due 30 days from the invoice date. The invoices provided to Miller contained a stamp appearing on the face of the invoice which again notified Miller of the rights of Eagle as assignee of the invoices and directed Miller to tender payment of the invoices to Eagle. The invoices described were further confirmed by Invoice Acceptance Forms signed by an authorized representative of Miller which confirmed that the work had been completed, that the invoice would be paid by Miller without offsets, claims or deductions, and that payment would be tendered by Miller to Eagle.

On or about November 19, 2018, Eagle tendered its claim and demand for $107,510.00 via certified mail to Miller through Miller's registered and duly authorized agent, Michelle R. Eddington. At present, after giving Miller all offsets, payments and credits, the balance due and owing to Eagle is $107,510.00. Despite multiple requests and/or demands, Miller has failed and refused to pay the amount due. Miller has not paid Xxcell any portion of the balance due and owing to Eagle.

## II.

Eagle has now brought this action to recover these sums. They have pleaded causes of action for breach of contract, quantum meruit, and for a suit on sworn account. Eagle now seeks a summary judgment solely on its contract claim.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the Court should not grant the motion. *Celotex Corp.*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255.

Miller has not filed a response to Eagle's motion. Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within twenty-one (21) days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed long ago.

Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing

*Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). Consequently, the Court hereby considers the merits.

### III.

This Court has reviewed the controlling law and the summary judgment evidence (primarily consisting of the affidavit of Joseph D. Estess and the attachments thereto (Doc. No. 20-2)) and together they establish the fact that this motion is meritorious. The affidavit establishes that Miller owes Eagle $107,510.00, and that these sums are past due and owing. As such, the Defendant has breached its contractual duty to pay the Plaintiff, the rightful holder of the debts in question.

Therefore this Court grants the Motion for Summary Judgment and awards Eagle $107,510.00, plus pre-judgment interest at the annual rate of 5.00% to be paid from April 1, 2019 to September 17, 2020 and post-judgment interest from this date on that amount at the annual rate of 0.14%, to accrue until the sums are paid. The summary judgment evidence also supports the award of attorney's fees in the amount of $16,012.04 and the Court hereby grants those fees. (*See* Affidavit of Jim D. Aycock (Doc. No. 20-3)).

SIGNED at Houston, Texas this 18th day of September, 2020.

Andrew S. Hanen
United States District Judge